IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WARD MANAGEMENT DEVELOPMENT COMPANY, LLC, ET AL., | ) CIVIL NO. 17-00568 JMS-RLP )  ) FINDINGS AND RECOMMENDATION TO |
| Plaintiffs, | ) DENY DEFENDANT NORDIC PCL ) CONSTRUCTION, INC.'S MOTION FOR |
| vs. | ) ATTORNEYS' FEES AND BILL OF COSTS ) ) |
| NORDIC PCL CONSTRUCTION, INC., | ) ) ) |
| Defendant. | ) ) |

FINDINGS AND RECOMMENDATION TO DENY DEFENDANT
NORDIC PCL CONSTRUCTION, INC.'S MOTION FOR
ATTORNEYS' FEES AND BILL OF COSTS[1]

Before the Court is Defendant Nordic PCL Construction, Inc.'s Motion for Attorneys' Fees ("Motion") and Bill of Costs, filed on August 20, 2018.  See ECF Nos. 83, 84.  Defendant Nordic PCL Construction, Inc. ("Nordic") requests an award of $515,683.04 for attorneys' fees under Hawaii Revised Statutes Section 604-14 and an award of costs in the amount of $2,439.39 pursuant to Federal Rule of Civil Procedure 54(d).  Plaintiffs filed an Opposition to the Motion and an Objection to the Bill of Costs.  See ECF Nos. 157, 158, 159.  Nordic filed its Replies on September 4, 2018, and October 2, 2018.  ECF Nos. 88, 91.  After

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections in the United States District Court.  A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation.  If no objections are filed, no appellate review will be allowed.

careful consideration of the submissions of the parties and the relevant legal authority, the Court FINDS AND RECOMMENDS that Nordic's Motion and Bill of Costs be DENIED.

## BACKGROUND[2]

This diversity action arises from the construction of the Waiea Tower (the "Project"), "a 36-floor, high-rise, mixed-use building consisting of retail space and ultra-luxury residential units located in the Kaka'ako district of Honolulu." ECF No. 24 ¶ 1. Plaintiffs are owners, former owners, and/or developers of the Project, and Nordic was the Project's construction manager and general contractor. Id. ¶¶ 1, 9-10. Plaintiffs' First Amended Complaint alleged claims for breach of contract, breach of warranty, and injunctive and declaratory relief, based on allegations that Nordic's work on the Project was substandard and untimely, and that Nordic actually obstructed completion of the Project and sales of units. Id. ¶¶ 1-5.

Nordic moved to dismiss this action on three grounds: (1) Plaintiffs' failure to join a required party, (2) the lack of complete diversity between the parties; and (3) Plaintiffs' failure to comply with the notice and mediation requirements of the Hawaii Contractor Repair Act, Hawaii Revised Statutes Chapter

---

[2] The full background of this case is set forth in the Court's August 6, 2018 Order Granting Defendant's Motion to Dismiss. ECF No. 81; Ward Mgmt. Dev. Co., LLC v. Nordic PCL Constr., Inc., No. CV 17-00568 JMS-RLP, 2018 WL 3733608 (D. Haw. Aug. 6, 2018).

672E, which applies to actions alleging construction defects.
See ECF No. 27.  The district court granted Nordic's motion on
the third ground.  Specifically, the district court held that
Plaintiffs failed to comply with provisions of the Hawaii
Contractor Repair Act, which required dismissal without
prejudice.  See ECF No. 81.  Judgment was entered on August 6,
2018, dismissing this action without prejudice.  ECF No. 82.  The
present Motion and Bill of Costs followed.

ANALYSIS

**I. Attorneys' Fees**

In diversity cases, the Court must apply state law in
determining whether the prevailing party is entitled to
attorneys' fees.  <u>Kona Enters., Inc. v. Estate of Bishop</u>, 229
F.3d 877, 883 (9th Cir. 2000).  Under Hawaii law, "[o]rdinarily,
attorneys' fees cannot be awarded as damages or costs unless so
provided by statute, stipulation, or agreement."  <u>Stanford Carr
Dev. Corp. v. Unity House, Inc.</u>, 141 P.3d 459, 478 (Haw. 2006)
(citing <u>Weinberg v. Mauch</u>, 890 P.2d 277, 290 (Haw. 1995)).

Here, Nordic seeks an award of fees under Hawaii
Revised Statutes Section 607-14, or, alternatively, under the
Construction Management Agreement ("CMA") between Nordic and
Plaintiff Ward Management Development Company, LLC.  ECF No. 84-
1.  Hawaii Revised Statutes Section 607-14 provides that
attorneys' fees shall be awarded to the prevailing party "in all

3

actions in the nature of assumpsit." Haw. Rev. Stat. § 607-14. Paragraph 14.6 of the CMA provides that "the prevailing party" in any action or proceeding arising from or relating to the CMA "is entitled to recover all reasonable costs and attorneys' fees from the unsuccessful party." See ECF No. 24-1 ¶ 14.6. Further, the CMA provides that the interpretation of its provisions is governed by Hawaii law. Id. ¶ 14.4.

Accordingly, before awarding attorneys' fees under Section 607-14 or the CMA, the Court must first determine whether Nordic is the prevailing party under Hawaii law. As noted above, judgment was entered dismissing this action without prejudice. See ECF No. 82. Based on the record in this action and the controlling authority, the Court finds that Nordic is not the prevailing party for purposes of Section 607-14 or the CMA.

The Hawaii Supreme Court has expressly held that a party is not the prevailing party for purposes of awarding attorneys' fees if the court dismisses an action without prejudice. Oahu Publications, Inc. v. Abercrombie, 332 P.3d 159, 167-69 (Haw. 2014) (holding that the plaintiff "was not a prevailing party in the [Intermediate Court of Appeals] when the court dismissed the first appeal"). In Oahu Publications, the Intermediate Court of Appeals sua sponte dismissed the plaintiff's first appeal without prejudice because of an error in the Circuit Court's judgment. Id. at 168. The Hawaii Supreme

4

Court held that for purposes of awarding attorneys' fees, the plaintiff was not the prevailing party on appeal at that time because the defendant was free to file a second appeal after the Circuit Court filed an amended judgment. Id. at 169. The Hawaii Supreme Court distinguished its holding from its prior holding in Ranger Insurance Co. v. Hinshaw, 79 P.3d 119 (2003). Id. at 168. In Ranger, the Hawaii Supreme Court held that a voluntary dismissal by the plaintiff was sufficient to confer prevailing party status for purposes of awarding attorneys' fees. Ranger, 79 P.3d 123. The Hawaii Supreme Court distinguished that holding in Oahu Publications noting that the dismissal in Ranger was *with* prejudice. Oahu Publ'ns, 332 P.3d at 168-69.

In reaching its conclusion, the Hawaii Supreme Court considered the United States Supreme Court's decision in Buckhannon Board & Care Home v. West Virginia Department of Health & Human Resources, 532 U.S. 598, 604 (2001). Id. Specifically, the Hawaii Supreme Court noted that its conclusion was consistent with the line of federal cases that require a "material alteration of the legal relationship of the parties" before finding that a party is a prevailing party for purposes of awarding attorneys' fees. Id. The Hawaii Supreme Court also cited with approval the Ninth Circuit's decision in Oscar v. Alaska Department of Education & Early Development, 541 F.3d 978, 981 (9th Cir. 2008). In Oscar, the Ninth Circuit held that a

5

dismissal without prejudice does not confer prevailing party status for purposes of awarding attorneys' fees.  541 F.3d at 981.  Specifically, the Ninth Circuit held that "dismissal without prejudice does not alter the legal relationship of the parties because the defendant remains subject to the risk of re-filing."  Id.  The Hawaii Supreme Court concluded that Oahu Publications "had not prevailed upon dismissal of the first appeal because there was no 'material alteration of the legal relationship of the parties,' and it remained at risk that the [defendant] would file another appeal upon entry of an amended judgment."  Oahu Publ'ns, 332 P.3d at 169.

　　　　Here, the district court dismissed Plaintiffs' action without prejudice pursuant to the Hawaii Contractor Repair Act.  ECF No. 81.  The district court expressly noted that the statute required "dismissal without prejudice of an action filed prematurely" and that none of the exceptions outlined in the statute applied "such as a statute of limitations expiration that would prevent refiling of an action."  Id. at 17, 22 n.6.  Because this action was dismissed without prejudice, the Court finds that there has not been a material alteration of the legal relationship of the parties in this action.  Nordic remains at risk that Plaintiffs will file another action.  As noted by the district court, there is nothing that prevents refiling.  See ECF No. 81 at 22 n.6.

The Court is unpersuaded by Nordic's argument that Oahu Publications is not controlling.  See ECF No. 6-9.  Contrary to Nordic's arguments, the Hawaii Supreme Court's analysis regarding whether there was a material alteration in the legal relationship of the parties sufficient to confer prevailing party status was not dicta.  See ECF No. 91 at 6.  Although the Hawaii Supreme Court did not expressly adopt the same test that is set forth in federal cases, the Court applied the same rationale in considering whether a dismissal without prejudice materially altered the legal relationship of the parties.  Oahu Publ'ns, 332 P.3d at 168-69.

The Court rejects Nordic's argument that there has been a material alteration in the parties' legal relationship because Plaintiffs must now comply with the Hawaii Contractor Repair Act.  ECF No. 88 at 5-8.  As noted above, the Court dismissed this case without prejudice.  The Court did not order Plaintiffs to comply with the Hawaii Contractor Repair Act.  Plaintiffs' obligations to comply with the Hawaii Contractor Repair Act are not a result of the district court's decision.

Further, the Court rejects Nordic's suggestion that this Court should follow one 2008 federal district court case where attorneys' fees were awarded after the case was dismissed without prejudice for failure to prosecute.  See ECF No. 91 at 6 (citing Moore & Moore v. Stevens, Civil No. 05-00215 SOM-LEK,

7

2008 WL 437030 (D. Haw. Feb. 14, 2008)).  In that case, the motion for attorneys' fees was unopposed and the decision was issued six years before the Hawaii Supreme Court's decision in Oahu Publications.  Accordingly, that decision is not controlling or persuasive.

Based on the circumstances of this case, the Court finds that the dismissal without prejudice did not materially alter the parties' legal relationship because Nordic remains at risk that Plaintiffs will file another action.  Because the Court finds that Nordic is not the prevailing party for purposes of awarding attorneys' fees under Hawaii law, the Court RECOMMENDS that the district court DENY the Motion.

## II.  Bill of Costs

Nordic filed a Bill of Costs requesting costs pursuant to Federal Rule of Civil Procedure 54(d)(1).  ECF No. 83.  Rule 54 provides that "costs -- other than attorney's fees -- should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d)(1).  Even in diversity cases, this court has held federal law applies to the taxation of costs pursuant to Rule 54(d)(1) because it is a procedural matter.  See BlueEarth Biofuels, LLC v. Hawaiian Elec. Co., Civil No. 09-00181 DAE-KSC, 2011 WL 4369303, at *2 (D. Haw. Aug. 24, 2011), *adopted by*, 2011 WL 4371300 (D. Haw. Sept. 16, 2011).  Under federal law, the test for determining the prevailing party is the same for an award of costs and attorneys'

8

fees.  See Miles v. State of Cal., 320 F.3d 986, 989 (9th Cir. 2003) (applying "material alteration" test to determine whether a party prevails for purposes of awarding costs under Rule 54).  For the same reasons discussed above, the Court finds that Nordic is not the prevailing party in this action.  The Court is not persuaded by Nordic's argument that this action is similar to the dismissal in Miles v. State of California.  See ECF No. 88 at 2-8.  In Miles, the Ninth Circuit affirmed the district court's determination that the defendant was a prevailing party because the plaintiff's federal law claims were barred, even though the plaintiff's state law claims were dismissed without prejudice.  320 F.3d at 988-89.  There are no such similar circumstances in this case.  The dismissal in this action did not eliminate any claims from proceeding in federal court at a later time.  Accordingly, the Court finds that Nordic was not the prevailing party for purposes of awarding costs under Rule 54 and RECOMMENDS that the district court DENY the Bill of Costs.

## CONCLUSION

The Court FINDS and RECOMMENDS that Defendant Nordic PCL Construction, Inc.'s Motion for Attorneys' Fees and Bill of Costs be DENIED.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, OCTOBER 19, 2018.



Richard L. Puglisi
United States Magistrate Judge

**WARD MANAGEMENT DEVELOPMENT COMPANY, LLC, ET AL. v. NORDIC PCL CONSTRUCTION, INC.**; CIVIL NO. 17-00568 JMS-RLP; FINDINGS AND RECOMMENDATION TO DENY DEFENDANT NORDIC PCL CONSTRUCTION, INC.'S MOTION FOR ATTORNEYS' FEES AND BILL OF COSTS

10