IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WARD MANAGEMENT DEVELOPMENT COMPANY, LLC, et al.,<br><br>                    Plaintiffs,<br><br>        vs.<br><br>NORDIC PCL CONSTRUCTION, INC.,<br><br>                    Defendant. | Civ. No. 17-00568 JMS-RLP<br><br>ORDER OVERRULING OBJECTIONS, ADOPTING OCTOBER 19, 2018 FINDINGS AND RECOMMENDATION, AND DENYING DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND BILL OF COSTS WITHOUT PREJUDICE |

**ORDER OVERRULING OBJECTIONS, ADOPTING OCTOBER 19, 2018 FINDINGS AND RECOMMENDATION, AND DENYING DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND BILL OF COSTS WITHOUT PREJUDICE**

## I. INTRODUCTION

Defendant Nordic PCL Construction, Inc. ("Defendant" or "Nordic") objects under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2) to Magistrate Judge Richard Puglisi's October 19, 2018 Findings and Recommendation to Deny Defendant Nordic PCL Construction, Inc.'s Motion for Attorneys' Fees and Bill of Costs (the "October 19, 2018 F&R"). Based on the following, the objections are OVERRULED and the October 19, 2018 F&R is ADOPTED. Because the action was dismissed without prejudice under Hawaii

1

Revised Statutes ("HRS") § 672E-13, Defendant is not a "prevailing party." Defendant's Motion and Bill of Costs are DENIED without prejudice.

## II. <u>BACKGROUND</u>

On August 6, 2018, this court granted Defendant's Motion to Dismiss, dismissing without prejudice the First Amended Complaint ("FAC") filed by Plaintiffs Ward Management Development Company, LLC ("Ward Management"); Waiea Management Development Company, LLC ("Waiea"); Victoria Ward, Ltd. ("Victoria Ward"); and 1118 Ala Moana, LLC ("1118 Ala Moana") (collectively "Plaintiffs"). *See* ECF No. 81; *Ward Mgmt. Dev. Co. v. Nordic PCL Constr. Co.*, 2018 WL 3733608 (D. Haw. Aug. 6, 2018).

In dismissing the FAC, the court did not address the merits of the suit (and does not do so here) — the substance, however, concerns alleged claims against Nordic sounding in breach of contract and breach of warranty arising from alleged defects in the recent construction of the 36-story Waiea Tower in the Kakaʻako district of Honolulu, and related contractual issues with a Construction Management Agreement between Ward Management and Nordic. Rather, much of the litigation in this forum centered around alleged jurisdictional defects: Defendant's arguments that complete diversity of citizenship is lacking because (1) the Association of Unit Owners of 1118 Ala Moana is a required party under

Federal Rule of Civil Procedure 19(b) whose presence destroys diversity; and

(2) Victoria Ward has Hawaii citizenship (rather than Texas citizenship as alleged

in the FAC) where Defendant also has Hawaii citizenship.

Ultimately, however, the court — applying *Sinochem International

Co. v. Malaysia International Shipping Corp.*, 549 U.S. 422 (2007) — "bypassed"

even the jurisdictional issues, and dismissed the FAC without prejudice as required

by HRS § 672E-13 because Plaintiffs had failed to properly fulfill notice and

mediation prerequisites of Hawaii's Contractor Repair Act, HRS ch. 672E, before

filing suit. *See Ward Mgmt.*, 2018 WL 373308, at *1. That is, the court did not

preclude Plaintiffs from re-filing in this federal forum (and, likewise, did not

preclude Defendant from reasserting any other defenses it might want to raise) if

mediation was unsuccessful.

Specifically, HRS § 672E-13 provides in pertinent part:

> The court . . . shall dismiss, without prejudice, any action
> failing to meet the requirements of this chapter, unless:
> . . . .
> (3) An applicable statute of limitations on actions would
> prevent the refiling of an action, in which case the action
> shall be immediately stayed to provide the claimant with
> an opportunity to comply with this chapter, but for no
> longer than six months[.]

Section 672E-13 thus contemplates that a dismissed action can be re-filed after "the requirements of this chapter" (e.g., mediation) have been met, if the parties are otherwise unable to resolve the dispute under the Contractor Repair Act's provisions, as the Hawaii Legislature envisioned. Indeed, § 672E-13(3) preserves such a right to re-file by requiring a stay if an applicable limitations period would otherwise expire in the meantime (which was not the situation here).

Accordingly, the court instructed the Clerk of Court to "close the case file," and the Clerk entered a corresponding judgment, stating "IT IS ORDERED AND ADJUDGED that the Action is DISMISSED WITHOUT PREJUDICE, and DISMISSED as pursuant to and in accordance with the Court's Order filed August 6, 2018[.]" ECF No. 82.[1]

On August 20, 2018, Nordic filed a Motion for Attorneys' Fees and a Bill of Costs, seeking an award of $515,683.04 in attorneys' fees and $2,439.39 in costs as a "prevailing party" under HRS § 607-14,[2] § 14.6 of the Construction

---

[1] The record reflects that, after the court's dismissal without prejudice, Plaintiffs appear to have complied with chapter 672E's requirements, *see, e.g.*, ECF Nos. 90-2, 90-3, 96-1, and Plaintiffs represent that they "will soon be renewing their claims." ECF No. 96-1 at ¶ 9.

[2] Section 607-14, entitled "Attorneys' fees in actions in the nature of assumpsit, etc.," provides in part:

(continued . . .)

4

Management Agreement,[3] and Federal Rule of Civil Procedure 54(d)(1).[4]  ECF

Nos. 83 & 84.  After due consideration, Magistrate Judge Richard Puglisi entered

the October 19, 2018 F&R, concluding that Nordic is not entitled to fees or costs

---

(. . . continued)

        In all the courts, in all actions in the nature of assumpsit and in all actions on a promissory note or other contract in writing that provides for an attorney's fee, there shall be taxed as attorneys' fees, to be paid by the losing party and to be included in the sum for which execution may issue, a fee that the court determines to be reasonable; provided that the attorney representing the prevailing party shall submit to the court an affidavit stating the amount of time the attorney spent on the action and the amount of time the attorney is likely to spend to obtain a final written judgment, or, if the fee is not based on an hourly rate, the amount of the agreed upon fee.  The court shall then tax attorneys' fees, which the court determines to be reasonable, to be paid by the losing party; provided that this amount shall not exceed twenty-five per cent of the judgment.

. . . .

        The above fees provided for by this section shall be assessed on the amount of the judgment exclusive of costs and all attorneys' fees obtained by the plaintiff, and upon the amount sued for if the defendant obtains judgment.

[3]  Section 14.6 of the Construction Management Agreement provides in part:

        <u>Disputes; Attorney's Fees</u>.  If either party institutes any action or proceeding against the other arising from or relating to the provisions of this Agreement, the prevailing party in the action or proceeding is entitled to recover all reasonable costs and attorneys' fees from the unsuccessful party.

ECF No. 24-1 at 36.

[4]  Rule 54(d)(1) provides in part: "(1) Costs Other Than Attorney's Fees.  Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."

because this court's August 6, 2018 dismissal did not render it a "prevailing party" for such purposes.  ECF No. 92 at 8-9.

On November 2, 2018, Nordic filed Objections to the October 19th F&R under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2). ECF No. 93.  Plaintiffs filed an Opposition on November 30, 2018, ECF No. 96, and a corresponding Reply and Sur-Reply were filed on December 12, 2018 and December 21, 2018 respectively.  ECF Nos. 97-2 & 99-2.  The court decides the matter without an oral hearing under Local Rule 7.2(e).

### III.  STANDARD OF REVIEW

When a party objects to a magistrate judge's findings or recommendations, the district court must review de novo those portions to which the objections are made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673 (1980); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise.").  That is, "[t]he district judge may accept the portions of the findings and recommendation to which the parties have not objected as long as it is satisfied that there is no clear error on the face of the

record." *Naehu v. Read*, 2017 WL 1162180, at *3 (D. Haw. Mar. 28, 2017) (citations omitted).

Under a de novo standard, this court reviews "the matter anew, the same as if it had not been heard before, and as if no decision previously had been rendered." *Freeman v. DirecTV, Inc.*, 457 F.3d 1001, 1004 (9th Cir. 2006); *United States v. Silverman*, 861 F.2d 571, 576 (9th Cir. 1988). The district court need not hold a de novo hearing; however, it is the court's obligation to arrive at its own independent conclusion about those portions of the magistrate judge's findings or recommendation to which a party objects. *United States v. Remsing*, 874 F.2d 614, 618 (9th Cir. 1989).

## IV. <u>DISCUSSION</u>

### A. **Attorneys' Fees**

#### 1. *HRS § 607-14*

In this case alleging diversity jurisdiction, Hawaii substantive law applies in determining whether Nordic is entitled to an award of attorneys' fees. *See, e.g.*, *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000). The parties do not dispute that this action is "in the nature of assumpsit" for purposes of § 607-14. Rather, the question is whether Nordic is a "prevailing

party" for such purposes, where the Clerk of Court entered a judgment dismissing the action without prejudice as set forth in the court's August 6, 2018 Order.

The October 19, 2018 F&R relied primarily on *Oahu Publications, Inc. v. Abercrombie*, 134 Haw. 16, 332 P.3d 159 (2014), which analyzed prior Hawaii appellate opinions on prevailing-party issues in various attorney-fee contexts, as well as analogous federal law. *Oahu Publications* concluded that an appellee was not a "prevailing party" where the appellant's appeal was dismissed without prejudice to filing another appeal after procedural defects in the judgment were corrected. *Id.* at 25-26, 332 P.3d at 168-69.

*Oahu Publications* recognized that, under Hawaii law, "[i]n general, the litigant in whose favor judgment is rendered is the prevailing party." *Id.* at 24, 332 P.3d at 167 (citation and internal quotation marks omitted). And "there is no requirement that the judgment in favor of the prevailing party be a ruling on the merits of the claim." *Id.* at 25, 332 P.3d at 168. Nevertheless, although the dismissal in that appeal was not "on the merits of the claim," the appellee was not a prevailing party because "the dismissal of the first appeal did not finally resolve" the action. *Id.* "The [appellant] was free to file a second appeal once the circuit court corrected the judgment." *Id.* The Hawaii Supreme Court reasoned:

> [U]nlike in *Ranger* [*Insurance Co. v. Hinshaw*, 103 Haw.
> 26, 79 P.3d 119 (2003)], where the plaintiff moved for
> leave to dismiss its complaint and the circuit court
> dismissed the complaint with prejudice, the [appellant]
> did not move to dismiss the first appeal, nor did the
> [Hawaii Intermediate Court of Appeals] dismiss the first
> appeal with prejudice.  In other words, the [appellant]
> was free to file another appeal upon entry of an amended
> judgment[.]

*Id.*

And *Oahu Publications* supported its holding by embracing a line of

federal cases as consistent with its reasoning, applying a "material alteration" test

reiterated in *Buckhannon Board and Care Home, Inc. v. West Virginia Department

of Health and Human Resources*, 532 U.S. 598 (2001).  *See Oahu Publications*,

134 Haw. at 26, 332 P.3d at 169 ("Our conclusion in this regard is consistent with

a line of cases concluding that a 'material alteration of the legal relationship of the

parties [is] necessary to permit an award of attorney's fees.'") (quoting

*Buckhannon*, 532 U.S. at 604).  The Hawaii Supreme Court cited with approval a

holding that "a dismissal without prejudice does not alter the legal relationship of

the parties 'because the defendant remains subject to risk of re-filing.'"  *Id.*

(quoting *Oscar v. Alaska Dept. of Educ. & Early Dev.*, 541 F.3d 978, 981 (9th Cir.

2008)).  "These cases therefore also support our conclusion that [appellee] had not

prevailed upon dismissal of the first appeal because there was no 'material

alteration of the legal relationship of the parties,' and it remained at risk that [appellant] would file another appeal[.]" *Id.* That is, the appellee was not a prevailing party "because there had been no determination that [appellee] would *ultimately* prevail on appeal." *Id.* (emphasis added).

On de novo review, the court is likewise convinced that *Oahu Publication's* reasoning applies here in analyzing the effect of the August 6, 2018 dismissal without prejudice and corresponding judgment. Similar to *Oahu Publication*, the court dismissed the FAC without prejudice, and Plaintiffs are free to re-file (subject to Defendant's defenses). As with *Oahu Publications*, the dismissal did not "ultimately" or "finally" resolve any issue (other than that Plaintiffs had not yet fulfilled prerequisites to filing suit). And as *Oahu Publication* analyzed, there was no "material alteration of the legal relationship of the parties" where Nordic "remained at risk that [Plaintiffs] would file another" suit. *Id.* at 26, 332 P.3d at 169.

The court is not swayed by Nordic's argument that the analysis ends because an actual *judgment* was entered in its favor. Nordic relies primarily on Hawaii case law — analyzed and distinguished in *Oahu Publications* — stating that "a defendant who succeeds in obtaining a judgment of dismissal is a prevailing party for the purpose of fees[.]" *Blair v. Ing*, 96 Haw. 327, 331, 31 P.3d 184, 188

(2001) (citing *Wong v. Takeuchi*, 88 Haw. 46, 49, 961 P.2d 611, 614 (1998)) (other

citation omitted).  That statement, however, is not as concrete as Nordic suggests.

*See, e.g.*, *Wong*, 88 Haw. at 49, 961 P.2d at 614 ("*Usually* the litigant in whose

favor judgment is rendered is the prevailing party. . . .  Thus, a dismissal of the

action, whether on the merits or not, *generally* means that defendant is the

prevailing party.") (quoting Wright, Miller & Kane, *Federal Practice and*

*Procedure:* Civil 2d § 2667 (1983)) (emphases added).  Although *Wong* upheld an

award of fees, *Oahu Publications* recognized that *Wong* was "decided on the

defense of laches and the applicable statute of limitations," 134 Haw. at 25, 332

P.3d at 168, and thus — unlike the situation in *Oahu Publications* with no

"prevailing party" — was "finally resolve[d]," *id*.  Likewise, the dismissal of

plaintiff's claims in *Blair* was final because the defendant "owed Plaintiffs no

duty" as a matter of law.  *Blair*, 96 Haw. at 328, 31 P.3d at 185.[5]

---

[5]  The August 6, 2018 Judgment issued under Rule 58 was entered to signify that the case is "final" — that is, no other issues or parties remained to be decided at that stage — for purposes of a potential appeal.  *See* Fed. R. Civ. P. 54(a) (defining a judgment as "a decree and any order from which an appeal lies"); *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136-37 (9th Cir. 1997) (en banc) (stating that district courts should make intentions clear when dismissing a complaint without prejudice, and requiring judgment to "fix an unequivocal terminal date for appealability") (citation omitted).  Presumably, Plaintiffs could have sought review in the Ninth Circuit of the court's August 6, 2018 dismissal within 30 days of that Judgment if they disagreed with the court's rulings under *Sinochem* or HRS § 672E-13.

In analogous situations, even a favorable "judgment" is insufficient. For example, *Nelson v. University of Hawaii*, 99 Haw. 262, 54 P.3d 433 (2002), held that a plaintiff had not prevailed for purposes of a fee award under HRS § 378-5(c)[6] despite obtaining a judgment because "the judgment on appeal simply vacated the trial court's judgment . . . and remanded the case for a new trial on the merits." *Id.* at 265, 54 P.3d at 436. *Nelson* reasoned that § 378-5(c) "requires the attainment of a judgment creating at least a 'material alteration of the legal relationship of the parties' before fees can be awarded," *id.* at 267, 54 P.3d at 438, concluding that "[i]n this case, this court's judgment permitted Nelson to retry her case." *Id.*, 54 P.3d at 438. *See also Gurrobat v. HTH Corp.*, 135 Haw. 128, 134, 346 P.3d 197, 203 (2015) ("In *Nelson*, fees were not awarded because the case was remanded for a new trial, placing plaintiff 'in the same position as she was before trial.'") (quoting *Nelson*, 99 Haw. at 267, 54 P.3d at 438).

Stated differently, Nordic did not "obtain[] relief *sufficiently enduring* to satisfy the 'material alteration of the parties' legal relationship[.]" *Higher Taste, Inc. v. City of Tacoma*, 717 F.3d 712, 716 (9th Cir. 2013) (emphasis added).

---

[6] Section 378-5(c) provides: "In any action brought under this part, the court, in addition to any judgment awarded to the plaintiff or plaintiffs, shall allow costs of action, including costs of fees of any nature and reasonable attorney's fees, to be paid by the defendant."

Again, it is critical that Plaintiffs are not precluded from re-filing their action, and

Nordic might eventually lose completely — despite having obtained some

temporary interim success in obtaining a dismissal without prejudice.  As *Higher

Taste* reasoned:

> For example, a plaintiff who succeeds at the preliminary
> injunction stage but loses on the merits after the case is
> litigated to final judgment is *not* a prevailing party under
> [42 U.S.C.] § 1988; in those circumstances, she secures
> only an "ephemeral" victory and gains no "enduring"
> change in the legal relationship of the parties.

*Id.* at 717 (quoting *Sole v. Wyner*, 551 U.S. 74, 86 (2007)).  *See also Wood v.

Burwell*, 837 F.3d 969, 975 (9th Cir. 2016) ("The dispositive question is not

whether the plaintiff ultimately obtained some form of substantive relief, but rather

whether there is a **lasting** alteration in the *legal* relationship between the parties.")

(bold emphasis added); *compare Amphastar Pharm. Inc. v. Aventis Parma SA*, 856

F.3d 696, 710 (9th Cir. 2017) (determining that a defendant obtaining a dismissal

for lack of subject matter jurisdiction is a prevailing party, concluding that

"[c]ommon sense says that [defendant] won a significant victory and *permanently*

changed the 'legal relationship of the parties'") (emphasis added). [7]

---

[7]  And as the October 19, 2018 F&R reasoned, the court's ruling that Plaintiffs had not
complied with the pre-filing requirements of chapter 672E does not constitute a material

(continued . . .)

In contrast, under Ninth Circuit law, a federal defendant who obtains a dismissal without prejudice to a plaintiff re-filing an action in state court, precluding a return to federal court, could be deemed a "prevailing party" because the defendant succeeded in eliminating a cause of action and a federal forum. *See Miles v. California*, 320 F.3d 986, 989 (9th Cir. 2003) (concluding that a defendant who obtained "dismiss[al] without prejudice to [plaintiff's] right to seek any available relief in the state court" is a prevailing party because "[t]he dismissal eliminates [a federal] claim from further proceedings in federal court and thus has changed the legal relationship of [the parties]") (internal quotation marks omitted).[8]

---

(. . . continued)

alteration of the relationship between the parties — Defendants, for example, did not obtain a mandatory injunction from this court compelling Plaintiffs to mediate. The requirement is an obligation of state law, not a result of this court's decision.

[8]  The court rejects Nordic's argument (made for first time in its Reply) that Plaintiffs are "legally barred from refiling and pursuing their claims" in federal court because such claims must now be filed in an apparently-related state court action as a compulsory counterclaim (after Nordic filed an October 25, 2018 cross-claim against Plaintiffs in that action). *See* ECF No. 97-2 at 5. Nordic's contention that a federal suit is barred by Hawaii's rules on compulsory counterclaims is premature — at best, the argument is a defense that could be made to a re-filed federal suit. And the sole case that Nordic relies on, *JPMorgan Chase Bank, N.A. v. Moniz*, 2016 WL 6433841 (D. Haw. Oct. 25, 2016), concluded only that the plaintiff in that case waived the federal claim by not asserting it in the state court action. *Id.* at *4. This court has no indication that such is the situation in the state court action cited by Nordic. Moreover, even assuming that a parallel proceeding is pending or could be brought in state court, the relevant analysis would likely be discretionary abstention under *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). In any event, the court's August 6, 2018 dismissal without

(continued . . .)

14

Nor is the court convinced by Defendant's argument that the issue is controlled by *CRST Van Expedited, Inc. v. Equal Employment Opportunity Commission*, 136 S. Ct. 1642, 1651 (2016) (holding that "a defendant need not obtain a favorable judgment on the merits in order to be a 'prevailing party'") — an argument not made to Judge Puglisi. True, *CRST* specifically addressed whether a *defendant* prevails, recognizing that much of prior Supreme Court case law arose while analyzing whether a *plaintiff* prevails. *See id.* at 1646 ("The Court, however, has not set forth in detail how courts should determine whether a defendant has prevailed."). The Supreme Court observed:

> Plaintiffs and defendants come to court with different objectives. A plaintiff seeks a material alteration in the legal relationship between the parties. A defendant seeks to prevent this alteration to the extent it is in the plaintiff's favor. The defendant, of course, might prefer a judgment vindicating its position regarding the substantive merits of the plaintiff's allegations. The defendant has, however, fulfilled its primary objective whenever the plaintiff's challenge is rebuffed, irrespective of the precise reason for the court's decision. The defendant may prevail even if the court's final judgment rejects the plaintiff's claim for a nonmerits reason.

---

(. . . continued)
prejudice did not bar Plaintiffs from re-filing in this court, and Nordic did not otherwise obtain a material alteration of the legal relationship of the parties.

*Id.* at 1651.

But, although Nordic "rebuffed" Plaintiffs' challenge (at least initially), this does not necessarily or automatically mean it is the prevailing party under Hawaii law. *CRST* did not abandon the "material alteration" test in assessing whether a defendant prevails — it remains fundamental that the "touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties," *id.* at 1646 (quoting *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792-93 (1989)), where "[t]his change must be marked by 'judicial *imprimatur*,'" *id.* (quoting *Buckhannon*, 532 U.S. at 605). Rather, *CRST* clarified that in assessing whether a defendant has prevailed in "rebuffing" a plaintiff's challenge, it is not necessary for such a "judicial *imprimatur*" to be based on substantive grounds.[9] "[T]he ultimate decision

---

[9] As the Federal Circuit observed:

> The relevant inquiry post-*CRST*, then, is not limited to whether a defendant prevailed on the merits, but also considers whether the district court's decision — "a judicially sanctioned change in the legal relationship of the parties"— effects or rebuffs a plaintiff's attempt to effect a "material alteration in the legal relationship between the parties."

*Raniere v. Microsoft Corp.*, 887 F.3d 1298, 1306 (Fed. Cir. 2018) (quoting *CRST*, 136 S. Ct. at 1646). Applying *CRST*, *Raniere* concluded that fees were appropriate because "Appellees 'won' through the court's dismissal of [plaintiff's] case *with* prejudice—they prevented [plaintiff] from achieving a material alteration of the relationship between them, based on a decision marked by 'judicial imprimatur.'" *Id.* (quoting *CRST*, 136 S. Ct. at 1646) (emphasis added).

whether to award fees does not distinguish between merits-based and non-merits-based judgments." *Id.* at 1651. That is, *CRST* decided a different question (whether a defendant must obtain a decision "on the merits") than that at issue here (whether a dismissal without prejudice to re-filing is sufficient).

Moreover, in examining federal law, *CRST's* ultimate holding is completely *consistent* with Hawaii law. *Compare, e.g.*, *Wong*, 88 Haw. at 49, 961 P.2d at 614 (concluding that there is "no requirement that the judgment in favor of the prevailing party be a ruling on the merits of the claim"). Indeed, *CRST* specifically left undecided the essentially identical issue to that now before this court. *See CRST*, 136 S. Ct. at 1653 ("[Plaintiff] now urges this Court to hold that a defendant must obtain a preclusive judgment in order to prevail. The Court declines to decide this issue, however."). Again, the inquiry here is a matter of state law, and so even accepting Nordic's argument that *CRST* changed the legal landscape in a relevant manner for federal law, it did not do so for state law. This court ultimately must still follow *Oahu Publications*.

What's more, even with *CRST's* changes in this area of the law, it did not question Ninth Circuit authority holding that "dismissal without prejudice does not alter the legal relationship of the parties because the defendant remains subject to the risk of re-filing." *Oscar*, 541 F.3d at 981; *see also Cadkin v. Loose*, 569

F.3d 1142, 1150 (9th Cir. 2009) ("*Miles* and *Oscar*, taken together, compel the conclusion that a defendant is a prevailing party following dismissal of a claim if the plaintiff is judicially precluded from refiling the claim against the defendant in federal court."). The rule appears to be well-settled. *See, e.g.*, *Dunster Live, LLC v. Lonestar Logos Mgmt. Co.*, 908 F.3d 948, 951 (5th Cir. 2018) (reasoning that "[a] dismissal without prejudice means no one has prevailed; the litigation is just postponed" and holding that "a dismissal that allows for refiling does not result in a 'material alteration of the legal relationship of the parties'" for purposes of awarding fees) (quoting *Buckhannon*, 532 U.S. at 604).

### 2. *Paragraph 14.6 of the Construction Management Agreement*

The court also rejects Nordic's alternative argument that, even if it is not a prevailing party under § 607-14, it is a prevailing party under ¶ 14.6 of the Construction Management Agreement. That paragraph provides in part that if a party "institutes any action *or proceeding* . . . the prevailing party in the action *or proceeding* is entitled to recover all reasonable costs and attorneys' fees from the unsuccessful party." ECF No. 24-1 at 36 (emphases added).[10] Nordic contends

---

[10] The parties do not dispute that this action is "arising from or relating to the provisions of" the Construction Management Agreement for purposes of ¶ 14.6.

that it is a "prevailing party" in a "proceeding" (its motion to dismiss) thus entitling it to reasonable costs and fees under this paragraph.

But nothing suggests that this language was meant to allow recovery for fees and costs at individual steps of a formal dispute (whether termed an "action" or "proceeding" before a tribunal) — such a reading could allow petitions for fees at innumerable points in continuing litigation, prior to any party obtaining lasting or ultimate success.  Rather, such common language more plainly refers broadly to "actions or proceedings" such as lawsuits in court, administrative proceedings, arbitrations, or other tribunals.[11]  As Plaintiffs point out, other sections of the Construction Management Agreement support such a construction. *See* ECF No. 24-1 at ¶ 14.5 ("Each party knowingly, voluntarily and intentionally waives its right to a trial by jury . . . in all actions and other legal proceedings arising out of or relating to this agreement[.]") (emphasis omitted); *id.* ("This waiver applies to all actions and other legal proceedings, whether sounding in

---

[11]  The phrase "action or proceeding" is commonly used to refer generally to cases in tribunals such as courts or agencies.  *See, e.g.*, 28 U.S.C. § 2679(d)(1) (referring to "any civil action or proceeding" against the United States); 42 U.S.C. § 1988(b) (allowing attorney's fees "[i]n any action or proceeding to enforce a provision"); 42 U.S.C. § 2000e-5(k) ("In any action or proceeding under [Title VII] the court, in its discretion, may allow the prevailing party, other than the [Equal Employment Opportunity] Commission or the United States, a reasonable attorney's fee as part of the costs[.]"); 20 U.S.C. § 1415(i)(3)(B)(i) ("In any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs.").

contract, tort or otherwise.") (emphasis omitted); *id.* at ¶ 14.4 (selecting a Hawaii forum for any "legal action or proceeding" relating to the agreement). In short, the same "prevailing party" analysis applies to ¶ 14.6 of the Construction Management Agreement — Nordic was not a prevailing party, whether in an "action" or a "proceeding."

## B. Costs

The result is no different with Nordic's request for costs under Rule 54(d). Although this question is a matter of federal law (not state law as with the fee request), the analysis is the same as discussed above. *See Miles*, 320 F.3d at 989 (applying *Buckhannon's* material alteration test in assessing prevailing party status under Rule 54); *Dattner v. Conagra Foods, Inc.*, 458 F.3d 98, 103 (2d Cir. 2006) (same). Nordic is not entitled to costs under Rule 54(d)(1).

## V. <u>CONCLUSION</u>

Because the court's August 6, 2018 dismissal and corresponding judgment was without prejudice to Plaintiffs re-filing suit, Defendant was not a "prevailing party" for purposes of awarding attorneys' fees or costs. Accordingly, the court OVERRULES Defendant's Objections to the October 19, 2018 Findings and Recommendation to Deny Defendant's Motion for Attorneys' Fees and Bill of Costs, ECF No. 93, and ADOPTS the Findings and Recommendation.

Defendant's Motion for Attorneys' Fees and Bill of Costs are DENIED. This denial, however, is without prejudice to Defendant seeking a reasonable amount of attorneys' fees and costs if it later becomes a "prevailing party." *See, e.g.*, *Nelson*, 99 Haw. at 269, 54 P.3d at 440 (denying fee request "without prejudice to [plaintiff's] ability to collect such fees in the future should she obtain a judgment . . . that represents a material alteration of the legal relationship between" the parties).

IT IS SO ORDERED.

DATED: Honolulu Hawaii, January 14, 2019.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Ward Mgmt. Dev. Co. v. Nordic PCL Constr., Inc.*, Civ. No. 17-00568 JMS-RLP, Order Overruling Objections, Adopting October 19, 2018 Findings and Recommendation, and Denying Defendant's Motion for Attorneys' Fees and Bill of Costs without Prejudice